IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BIOFUNCTION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-67C |
| | ) | (Judge Hodges) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S PARTIAL MOTION TO DISMISS
PLAINTIFF'S FOURTH AND FIFTH CAUSES OF ACTION

Pursuant to Rule 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss plaintiff's Fourth Cause of Action (Breach of Implied Contract), upon the ground that plaintiff BioFunction, LLC ("BioFunction" or plaintiff) fails to state a claim upon which relief can be granted and that the Court dismiss plaintiff's Fifth Cause of Action (Unjust Enrichment), upon the ground that BioFunction fails to allege a claim within this Court's limited jurisdiction.

QUESTIONS PRESENTED

Whether the Fourth Cause of Action states an implied contract claim upon which relief can be granted. Whether this Court possesses jurisdiction to entertain the claim for unjust enrichment alleged in the Fifth Cause of Action.

STATEMENT OF FACTS[1]

Plaintiff BioFunction, LLC filed its complaint in this Court on January 29, 2007. Complaint. In its complaint, BioFunction alleges five causes of action, including plaintiff's

[1] For the purposes of this brief only, the factual allegations contained in plaintiff's complaint will be treated as true.

Fourth Cause of Action (Breach of Implied Contract) and Fifth Cause of Action (Unjust Enrichment). Id.

In its complaint, BioFunction alleges that on May 16, 2004, BioFunction entered into a written contract with the United States Postal Service ("USPS") identified as contract "1 BCHSO-03-F-5453." Complaint, ¶ 3. BioFunction further alleges that, under the terms of the alleged contract, BioFunction:

> agreed to provide certain services related to the evaluation of disabled workers and providing them with job offers tailored to accommodate each worker's disability. This work specifically included the use of the ErgoMatch or Ergo Wizard system that evaluated the extent of disabilities and, based on ergonomic analysis, pinpointed jobs, tasks and modifications for accommodating the disability of the employee.

Complaint, ¶ 3(a). BioFunction further alleges that this contract was modified on three occasions on January 16, 2004, July 2004 and February 8, 2005. Complaint, ¶¶ 3(c)-(e).

BioFunction continues by alleging that on or about October 4, 2004, USPS entered into an implied contract with USPS. Complaint, ¶¶ 24-30. In that alleged agreement, BioFunction "agreed to provide additional services support to USPS's plan to utilize the Contract hits; BIOFUNCTION agreed to provide training and additional support to assist the USPS to offer suitable jobs to employees for whom the Ergo Wizard system identified to be capable of the work." Complaint, ¶ 26. BioFunction further alleges that in return, USPS agreed that it would: (a) "properly distribute the job offers made to its disabled employees;" (b) "contest and take appropriate administrative action if its job offers were rejected by its disabled employees;" (c) "USPS would . . . assist BIOFUNCTION to verify and justify the accuracy and effectiveness of its Ergo Wizard system . . . "; and (d) "USPS would provide

BIOFUNCTION with a formal operational endorsement . . . for consideration of potential future expansion of its program . . ." Complaint, ¶ 27.

Similarly, in its Fifth Cause of Action for Unjust Enrichment, BioFunction alleges that BioFunction allegedly "agreed to provide additional services support to USPS's plan to utilize the Contract hits; BIOFUNCTION agreed to provide training and additional support to assist the USPS to offer suitable jobs to employees for whom the Ergo Wizard system identified to be capable of the work." Complaint, ¶ 32. BioFunction alleges that, in return, USPS agreed that it would: (a) "properly distribute the job offers made to its disabled employees;" (b) "contest and take appropriate administrative action if its job offers were rejected by its disabled employees;" (c) "USPS would . . . assist BIOFUNCTION to verify and justify the accuracy and effectiveness of its Ergo Wizard system . . . "; and (d) "USPS would provide BIOFUNCTION with a formal operational endorsement . . . for consideration of potential future expansion of its program . . ." Complaint, ¶ 33. Plaintiff further alleges that "USPS received the benefit of BIOFUNCTION's services and . . . should not equitably be allowed to retain the benefit of the additional services without paying BIOFUNCTION . . . ." Complaint, ¶ 37.

## ARGUMENT

Plaintiff's Fourth Cause of Action (Breach of Implied Contract) should be dismissed for failure to state a claim upon which relief can be granted. Plaintiff's Fifth Cause of Action (Unjust Enrichment), should be dismissed because the Court lacks jurisdiction over unjust enrichment claims.

I. Standard Of Review

A motion to dismiss should be granted when, accepting the complaint's allegations as true and drawing all inferences in favor of the plaintiff, it is evident that plaintiff is legally entitled to no relief. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Hamlet v. United States, 873 F.2d 1414, 1416 (Fed. Cir. 1989); Farmers Grain Co. v. United States, 29 Fed. Cl. 684, 686 (1993). When the absence of a viable claim appears on the face of the complaint and is obviously not curable, summary dismissal conserves both the Court's and the litigants' resources. Brown v. Strickler, 422 F.2d 1000, 1002 (6th Cir. 1970) (quoting Harmon v. Superior Court, 307 F.2d 796, 797 (9th Cir. 1962)).

II. Plaintiff's Claim Of Breach Of An Implied Contract Should Be Dismissed

Plaintiff's Fourth Cause of Action for breach of an implied contract should be dismissed because plaintiff fails to state a claim upon which relief can be granted. Specifically, BioFunction has alleged the existence of an express contract in its breach of contract claim (Complaint, ¶ 3(a)); and purports to base an implied contract claim upon the same contractual obligations addressed in the express contract. However, "[t]he existence of an express contract precludes the existence of an implied contract dealing with the same subject, unless the implied contract is entirely unrelated to the express contract." Atlas Corp. v. United States, 895 F.2d 745, 754-55 (Fed. Cir. 1990) (citing ITT Federal Support Services, Inc. v. United States, 531 F.2d 522, 528 n. 12 (Ct. Cl. 1976)). See also Schism v. United States, 316 F.3d 1259, 1278 (Fed. Cir. 2002), cert. denied, 539 U.S. 910 (2003).

Here, BioFunction alleges that, under the terms of an express contract, BioFunction

"agreed to provide certain services related to the evaluation of disabled workers . . . This work specifically included the use of the ErgoMatch or Ergo Wizard system that evaluated the extent of disabilities and, based on ergonomic analysis, pinpointed jobs . . . ." Complaint, ¶ 3(a) (emphasis added). Similarly, under its claim of breach of an implied contract, BioFunction alleges that it "agreed to provide training and additional support to assist the USPS to offer suitable jobs to employees for whom the Ergo Wizard system identified to be capable of the work." Complaint, ¶ 26 (emphasis added). BioFunction's implied contract claim is clearly not "entirely unrelated" to the express contract alleged in BioFunction's breach of contract claim. As a result, BioFunction's claim for breach of an implied contract should be dismissed for failure to state a claim upon which relief can be granted.

III. Plaintiff's Unjust Enrichment Claims Should Be Dismissed

Plaintiff's Fifth Cause of Action for Unjust Enrichment should be dismissed because the Court lacks jurisdiction over unjust enrichment claims. This Court, like its predecessors, the United States Claims Court and the United States Court of Claims, is a court of limited jurisdiction. E.g., Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428, aff'd, 758 F.2d 665 (Fed. Cir. 1984) (Table). Absent congressional consent to entertain a claim against the United States, the Court lacks authority to grant relief. E.g., United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941).

The law is well-established in the United States Court of Appeals for the Federal Circuit and this Court that claims based upon unjust enrichment are beyond this Court's subject matter jurisdiction. In Aetna Casualty and Surety Co. v. United States, 655 F.2d 1047 (Ct. Cl. 1981), for example, a construction contractor and its surety sought to recover costs

incurred in building a housing project. The contract in that case was not with the United States, but financing for the project was insured by the Government, and the plaintiffs alleged that "the United States has implicitly contracted [with the construction contractor] to provide this low-cost housing." Id. at 1052. The Court of Claims rejected this theory as well as plaintiffs' further allegation that "jurisdiction is founded on a theory of unjust enrichment/equitable lien,":

> The claim based on unjust enrichment/equitable lien is also beyond our jurisdiction. Those doctrines, however, are based not on agreement but are equitable in nature. Both proceed from a perception that a party ought to be bound rather than from a conclusion that a party has agreed to be bound. Plaintiffs' unjust enrichment/equitable lien theory of recovery is therefore based upon a contract implied in law, over which this court has not been given jurisdiction.

Id. at 1059-60 (citing Merritt v. United States, 267 U.S. 338, 341 (1925), and Court of Claims precedent). Accord Centex Corp. v. United States, 49 Fed. Cl. 691, 712 (2001) ("Plaintiffs' unjust enrichment claim . . . to the extent it is independent of plaintiffs' breach of contract claim, is also outside the subject matter jurisdiction of this court . . . .") (citations omitted); Frank & Breslow, LLP v. United States, 43 Fed. Cl. 65, 68 (1999) ("Plaintiff's claim of unjust enrichment is also beyond our jurisdiction. Contracts implied-in-law do not fall under the Tucker Act.") (citations omitted).

Here, plaintiff alleges, in its Fifth Cause of Action for unjust enrichment, that "USPS received the benefit of BIOFUNCTION's services and . . . should not equitably be allowed to retain the benefit of the additional services without paying BIOFUNCTION . . . ." Complaint, ¶ 37 (emphasis added). As this Court does not possess jurisdiction over unjust enrichment claims, the Court should dismiss plaintiff's Fifth Cause of Action.

## CONCLUSION

As plaintiff's Fourth Cause of Action (Breach of Implied Contract) fails to state a claim upon which relief can be granted and because plaintiff's Fifth Cause of Action (Unjust Enrichment) is beyond this Court's limited jurisdiction, Defendant respectfully requests that the Fourth and Fifth Causes of Action of plaintiff's complaint be dismissed with prejudice.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/ Robert C. Bigler
ROBERT C. BIGLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.,
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 307-0315
Fax: (202) 514-8624
Attorneys for Defendant

May 4, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of May 2007, a copy of the foregoing "DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S FOURTH AND FIFTH CAUSES OF ACTION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Robert C. Bigler