**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| BIOFUNCTION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 07-67C<br>(Judge Hodges) |

PLAINTIFF BIOFUNCTION, LLC'S OPPOSITION
TO DEFENDANT'S PARTIAL MOTION TO DISMISS FOURTH AND FIFTH
CAUSES OF ACTION

## I. Summary of Opposition

The Tucker Act establishes the jurisdiction of this Court to hear matters involving both express and implied contracts. 28 U.S.C.A. § 1491(a) (1). The Fourth and Fifth Causes of Action are both premised on implied contractual obligations. The United States' notion that implied contractual obligations created during the course of performance of express contractual obligations are outside this Court's jurisdiction is unsupported by any law, and is contrary to the jurisdictional grant of the Tucker Act.

The cases cited by the United States address implied contractual obligations purportedly created by subsequent legislation, claims for post-termination costs, and persons not authorized to bind the United States. None of these circumstances have been alleged in the Complaint. Implied in fact contracts are subject to the application of equitable principles. The United States relies upon cases that do not address the application of equitable forums of relief in express or implied contracts. Consequently,

this Court has jurisdiction to hear these causes of action. Defendant's Motion to Dismiss is without merit, and should be denied.

## II. Statement of Facts

Biofunction entered into a contract with the United States Postal Service ("USPS" to provide evaluations of disabled workers and determine appropriate work assignments tailored to accommodate a worker's disability. (Complaint, ¶ 3.) During the course of Biofunction's performance of this contract, USPS asked Biofunction to provide training and additional support services, for which USPS promised to make Biofunction eligible for a program expansion to all districts within the Pacific Area. (Complaint, ¶ 27.) Biofunction incurred substantial expense to comply with USPS's requests, only to have its contract abruptly terminated for the convenience of USPS. (Complaint ¶ 5.) Biofunction's complaint seeks to reimbursement for the costs Biofunction incurred in performing the services requested by the USPS.

Biofunction's complaint contains causes of action based upon the breach of a written contract, and, in the alternative, seeks relief under an implied-in-fact contract in the fourth and fifth causes of action.

## III. Legal Analysis

### A. The Court Must Construe the Allegations of the Complaint in the Light Most Favorable to Plaintiff

The Court must construe the facts alleged in the pleadings in favorably to the pleader. Hamlet v. United States 873 F.2d 1414, 1416 (1989).

> "In ruling on a motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1), the court must accept as true the complaint's undisputed factual allegations and should construe them in the light most favorable to plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90

> (1974); Hamlet v. United States, 873 F.2d 1414, 1415 (Fed.Cir.1989); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed.Cir.1988)"

Farmers Grain Co. of Esmond v. United States ("Farmers Grain Co.") 29 Ct.Fed.Cl. 684, 686 (1993). '

The accepted rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (footnote omitted) Farmers Grain Co., *supra,* 29 Ct.Fed.Cl. at 686.

The United States' Motion seeks to have two causes of action dismissed, based on the premise that it would be impossible under any factual circumstances for Biofunction to establish the United States' liability based on an implied contract that arose during the course of performance of an express contract. This Court cannot, on a review of the Complaint's allegations, hold that under no factual circumstances, or that Biofunction cannot obtain relief based on an implied-in-fact contract, or that equitable forms of relief are not available in the enforcement of an implied-in-fact contract..

B. **The Tucker Act Confers Jurisdiction Over Implied Contracts**

The Tucker Act provides the scope of jurisdiction for the United States Court of Federal Claims:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract.

28 U.S.C.A. § 1491(a) (1).

If a claim falls within the terms of the Tucker Act, the United States has presumptively consented to suit. U.S. v. Mitchell, 463 U.S. 206, 216, 103 S.Ct. 2961, 2967 (1983). The Tucker Act's inclusion of implied contract claims in the scope of that consent has been interpreted to grant jurisdiction to implied-in-fact contracts. Merritt v. U.S., 267 U.S. 338, 341, 45 S.Ct. 278, 279 (1925).

The United States' contention that this Court cannot consider an implied-in-fact contract arising from the course of the performance of an express contract is contrary to the plain language of the Tucker Act. The United States cannot disregard its own statutory grant of jurisdiction.

C. **Because the Fourth and Fifth Causes of Action Seek Relief Based upon an Implied-in-Fact Contract, the Motion to Dismiss is Without Merit.**

An implied-in-fact contract is one founded upon a meeting of minds which, although not embodied in an express contract, is inferred, as a fact from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding. Atlas Corp v. United States, 895 F.2d 745, 754 (Fed.Cir. 1990). The elements for creating a binding contract with the United States are identical for both express and implied contracts. Trauma Serv. Group v. U. S. 104 F.3d 1321, 1325 (1997); Pure Power!, Inc. v. United States, 70 Fed.Cl. 739, 742-743 (2006). An implied-in-fact contract is found where the parties have manifested mutual intent to contract including an offer, an acceptance and consideration. Pure Power!, Inc. v. United States, *supra*, 70 Fed.Cl. at 742-743 (2006). The formation of this valid contract with the United States also requires that the government representative who entered or ratified the agreement have the authority to bind the United States. Pure Power!, Inc. v. United States, 70 Fed.Cl. 739, 742-743 (2006).

Biofunction has alleged in both the Fourth and Fifth Causes of Action that an authorized official of the USPS requested increased mobilization for additional personnel training and support from Biofunction. (Complaint, ¶¶ 28, 34.) USPS and Biofunction negotiated an agreement that USPS would make a substantial number of job offers and that the USPS would commit a high level of administrative support to processing the job offers. Complaint, ¶¶ 25 through 27 and 32 through 34. These efforts were expected to result in a formal operational endorsement to the Pacific Area, greatly expanding the scope of Biofunctions services for USPS. (Complaint ¶ 33.)

The Fifth Cause of Action also alleges that it provided valuable services to the USPS for which it is entitled to be compensated. (Complaint, ¶ 37.)

Because both the Fourth and Fifth Causes of Action are premised upon the existence of an implied-in-fact contract, which are within this Court's jurisdiction pursuant to the Tucker Act, this Motion to Dismiss must be denied.

D. **Because the Complaint Does Not Seek Redress Based on Subsequent Legislative Changes, Post-Termination Costs, or Promises by Persons Lacking Authority to Bind the United States, the Case Authority Cited by the United States is Irrelevant to its Motion.**

The United States' reliance on cases involving unsuccessful efforts to create implied contracts based on subsequent legislative acts is misplaced.

Atlas Corp v. United States, 895 F.2d 745 (Fed.Cir. 1990), involved an unsuccessful attempt by a government contractor to reform a contract based on mutual mistake. The purported mutual mistake was the "discovery" some twenty years later that the tailings generated from the provision of uranium and thorium were hazardous wastes and that recent Congressional legislation required such wastes to be stabilized. In rejecting the claim for reformation, the court noted that there could not be an implied-in-fact agreement to pay for the stabilization of the tailings because "there can have been no

negotiation and 'meeting of the minds" that could create an implied-in-fact contract. Id. at 754-55. In finding that the plaintiff did not have an implied-in-fact contract, the court determined that the claim arose as a result of later legislation and not discussions between the plaintiff and a government official regarding the contract price.

> As fully set out above, the parties have admitted that the extensive tailings stabilization which is now required was not even contemplated by the parties at the time of the contracts. Therefore, there can have been no negotiation and "meeting of the minds" that could create an implied-in-fact contract

Id. at 754-55. The Court also observed that the Plaintiff had not alleged the existence of an implied-in- fact contract:

> "Unlike the complaint in W.R. Cooper Gen. Contractor, Inc. v. United States, 843 F.2d 1362 (Fed.Cir.1988), the plaintiffs' allegations and admissions in their complaints do not even raise the possibility of the existence of an implied-in-fact contract."

Id. at 755.

Biofunction's complaint does not claim the existence of an implied-in-fact contract based on an imagined amendment to an express contract as a result of subsequent legislative enactments. Consequently, Atlas Corp. v. United States has no relevance to the allegations at issue in this case.

Similarly, the United States' reliance on a case involving post-termination expenses is similarly misplaced. In ITT Federal Support Services, Inc. v. United States, 531 F.2d 522, 528, the Court addressed the issue of whether a government contractor could establish an implied contract for its post termination administration of pension funds for workers provided by the contractor. The Court determined that no implied-in-fact contract had arisen between the parties. In reaching this determination, the Court noted that there had been no meeting of the minds to establish an agreement for compensation for post termination services.

Biofunction does not seek payment of post-termination expenses. Biofunction seeks compensation for the services it provided to the United States, at the request of the United States during the course of its performance of its contract, before it received notification of the United States' termination for convenience.

Schism v. United States, 316 F.3d 1259 (2002) similarly has no bearing, because its facts are directly contrary to the allegations of Biofunction's complaint. In Schism, the Plaintiff claimed that promises by military personnel of employment benefits did not create an implied contract, which was purportedly breached upon subsequent legislative changes in employment benefits for military personnel. The Schism court determined that military personnel served by appointment, not under contract and that no implied-in-fact contract could arise out of recruiting promises because a military recruiter had no authority to bind the United States to lifetime medical care obligations. Id. at 1268-1279.

Biofunction specifically alleges in both the fourth and the fifth causes of action that the implied-in-fact contract was entered into "on behalf of the USPS by government representatives having actual authority to bind the United States." (Complaint, ¶¶ 28, 34.) Because this Court must accept these allegations as true, the United States' reliance on a case with facts contrary to those alleged in this case has no relevance.

### E. This Court May Provide Equitable Relief Based on an Implied-in-Fact Contract.

Equitable relief is available in claims involving the breach of implied-in-fact contracts. As the court observed in Farmers Grain Co., *supra*, 29 Ct.Fed.Cl. 684, 686 (1993):

> Where a benefit has been conferred by the contractor on the government in the form of goods or services, which it accepted, a contractor may recover at least on a *quantum valebant* or *quantum meruit* basis... The contractor is not compensated under the contract, but rather under an implied-in-fact contract. United States v. Amdahl, 786 F.2d 387, 393 (Fed.Cir.1986).

Biofunction's claims in the Fifth Cause of Action are similar to the claims upheld in Farmer's Grain Co. Biofunction's claim is founded on services rendered in the course of performing the terms of an implied-in-fact contract. Biofunction was in direct privity with the United States. The United States directly received the benefits of the services rendered in both cases.

Although the United States cites various cases to support the notion that equitable relief is unavailable, none of these cases involve the application of equitable principals of recovery in the context of either an express or implied contract. Aetna Casualty and Surety Company v. U.S., 655 F.2d 1047, 1059-60 [no privity with United States]; Merritt v. United States 267 U.S. 338, 340, 45 S.Ct. 278 [no privity], and Frank & Breslow, LLP v. United States, 43 Fed.Cl. 65, 66 (1999) [no privity]; Dynalectron Corp v. United States 4 Cl.Ct. 424, 428, affd 758 F.2d 665 [no privity]; and United States v. Sherwood, 312 U.S. 584, 586 (1941) [no privity]. Defendant even cites a case where plaintiffs expressly denied that their claim rested upon a contract. United States v. Testan 424 U.S. 392, 400 (1976).

The existence of an implied-in-fact contract provides the court with jurisdiction under the Tucker Act on which to base a claim for relief. Consequently, the United States Motion to Dismiss the Fifth Cause of Action should be denied.

## IV. Plaintiff Should be Afforded the Opportunity to Amend.

Any defects alleged by the defendant are curable. Pursuant to RCFC Rule 15, plaintiff requests an opportunity to amend to cure any alleged defects determined by this court to exist.

## V. Conclusion.

This court has jurisdiction over implied contracts pursuant to the Tucker Act. Plaintiff has alleged facts that support the elements of an implied-in-fact contract to provide services to the USPS. These facts are alleged in both the Fourth and Fifth Causes of action. Therefore, plaintiff requests that this court deny defendant's motion to dismiss.

Date: May 18, 2007

LAW OFFICES OF DAVID W. GINN

By__s/ Barbara J. Massey______________
BARBARA J. MASSEY
Attorneys for Plaintiff,
BIOFUNCTION, LLC

1981 N. Broadway, Suite 275
Walnut Creek, CA 94596
Telephone: (925) 256-4466
Facsimile: (925) 256-4423