IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BIOFUNCTION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-67C |
| | ) | (Judge Hodges) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO PARTIAL MOTION TO DISMISS PLAINTIFF'S FOURTH AND FIFTH CAUSES OF ACTION

Pursuant to Rule 7.2 of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this reply to "Plaintiff BioFunction, LLC's Opposition to Defendant's Partial Motion to Dismiss Fourth and Fifth Causes of Action." In our motion to dismiss, we demonstrated that plaintiff's Fourth Cause of Action (Breach of Implied Contract) should be dismissed because it fails to state a claim upon which relief can be granted and that plaintiff's Fifth Cause of Action (Unjust Enrichment) should be dismissed because it fails to allege a claim within this Court's limited jurisdiction.

## INTRODUCTION

Plaintiff argues that this Court has jurisdiction over implied-in-fact contract claims and unjust enrichment claims. Yet plaintiff fails to cite a single case that supports its position that plaintiff can recover under an implied-in-fact contract when an express contract exists. Plaintiff also lacks authority to support its unjust enrichment claim. Instead, plaintiff attempts to distinguish the cases relied upon by the Government by quoting irrelevant parts of these cases and ignoring the parts that are both relevant and on point. Plaintiff's selective reading of the authority relied upon by the Government cannot change the fact that "[t]he existence of an express contract precludes the existence of an implied contract dealing with

the same subject, unless the implied contract is entirely unrelated to the express contract." Atlas Corp. v. United States, 895 F.2d 745, 754-55 (Fed. Cir. 1990) (citing ITT Federal Support Services, Inc. v. United States, 531 F.2d 522, 528 n. 12 (Ct. Cl. 1976)). Nor can plaintiff ignore that this Court lacks jurisdiction over unjust enrichment claims, because these claims and other implied-in-law claims do not fall within the Court's Tucker Act jurisdiction. Frank & Breslow, LLP v. United States, 43 Fed. Cl. 65, 68 (1999) (citations omitted).

## ARGUMENT

### I. Plaintiff's Claim Of Breach Of An Implied Contract Should Be Dismissed

BioFunction's Fourth Cause of Action for breach of an implied contract should be dismissed because BioFunction has alleged the existence of an express contract in its breach of contract claim (Complaint, ¶ 3(a)); and purports to base an implied contract claim upon the same contractual obligations addressed in the express contract.

BioFunction argues that, in Atlas Corp. v. United States, 895 F.2d 745, 754-55 (Fed. Cir. 1990), there was no "meeting of the minds" and thus no implied-in-fact contract upon which plaintiff could rely. Plaintiff's Opposition to Defendant's Partial Motion to Dismiss Fourth and Fifth Causes of Action ("Pl. Opp.") at 5-6. While it is true that the court in Atlas found that there was no "meeting of the minds," the court alternatively held that "[i]n addition . . . [t]he existence of an express contract precludes the existence of an implied contract dealing with the same subject, unless the implied contract is entirely unrelated to the express contract." Atlas Corp. v. United States, 895 F.2d 745, 754-55 (Fed. Cir. 1990) (citing ITT Federal Support Services, Inc. v. United States, 531 F.2d 522, 528 n. 12 (Ct. Cl. 1976)). The court held that "the costs plaintiff was seeking were not 'entirely unrelated' to the costs

included in the contract prices. Therefore, there can be no implied agreement to pay costs over and above those prices." Id. In any event, the Atlas court did not establish the long-standing rule upon which we rely, it only applied it. See, e.g., citing ITT Federal Support Services, 531 F.2d at 528 n. 12.

Plaintiff's misunderstanding of Atlas is evidenced by its assertion that the plaintiff in Atlas "had not alleged the existence of an implied-in-fact contract." Pl. Opp. at 6. In fact, as the court stated, "Western Nuclear, Homestake and Pathfinder have asserted breach of implied-in-fact contract claims." Atlas, 895 F.2d at 754. Apparently, BioFunction was confused by the court's holding concerning the legal effect of the plaintiff's obligation, explaining that because Atlas had express contracts, its complaint "do[es] not even raise the possibility of the existence of an implied-in-fact contract." Id.

Similarly, plaintiff's selective reading of Schism v. United States, 316 F.3d 1259 (Fed. Cir. 2002), ignores that "[i]t is well settled that the existence of an express contract precludes the existence of an implied-in-fact contract dealing with the same subject matter." Schism, 316 F.3d at 1278, cert. denied, 539 U.S. 910 (2003). Plaintiff argues that the court in Schism denied plaintiffs' implied-in-fact contract claims not because there was an express contract, but because the government official there lacked authority to bind the United States to the alleged contract term. Pl. Opp. at 7. Plaintiff ignores that the Schism court also held that plaintiffs' "implied-in-fact contract argument fails to take into account their written enlistment agreements." Schism, 316 F.3d at 1278. The court reasoned that since the written enlistment agreements required the plaintiffs to be bound by military regulations and statues that expressly address health care, the implied-in-fact contract for medical care was

foreclosed under the rule that an 'implied-in-fact contract cannot exist if an express contract already covers the same subject matter.'" Schism, 316 F.3d at 1278 (citing Trauma Service Group v. United States, 104 F.3d 1321, 1326 (Fed. Cir. 1997)).

Plaintiff's reading of ITT Federal Support Services, Inc. v. United States, 531 F.2d 522 (Ct. Cl. 1976) also is incorrect. BioFunction argues that ITT Federal Support did not cover an implied contract, because there was no "meeting of the minds" required for the formation of such a contract. Rather, the court again applied the well settled rule that the "existence of an express contract precludes the existence of an implied contract dealing with the same subject." ITT Federal Support, 531 F.2d at 528 n. 12 (emphasis added). The court then raised the question of whether any terms of the implied contract are sufficiently unrelated to be enforceable under this rule, concluding that "Plaintiff has not shown the requisite meeting of the minds, inferable from the parties' conduct, on such a separate contract." Id. at 528. In other words, recognizing that plaintiff can not make a valid claim under an implied-in-fact contract when there is an express contract dealing with the same subject, the court held that there was no "meeting of the minds" with respect to any obligations that were entirely unrelated to the express contract.

Here, BioFunction alleges that, under the terms of an express contract, BioFunction "agreed to provide certain services related to the evaluation of disabled workers . . . . This work specifically included the use of the ErgoMatch or Ergo Wizard system that evaluated the extent of disabilities and, based on ergonomic analysis, pinpointed jobs . . . ." Complaint, ¶ 3(a) (emphasis added). Similarly, under its claim of breach of an implied-in-fact contract, BioFunction alleges that it "agreed to provide training and additional support to assist the

USPS to offer suitable jobs to employees for whom the Ergo Wizard system identified to be capable of the work." Complaint, ¶ 26 (emphasis added). BioFunction's implied contract claim clearly is not "entirely unrelated" to the express contract alleged in BioFunction's breach of contract claim. As a result, BioFunction's claim for breach of an implied contract should be dismissed for failure to state a claim upon which relief can be granted.

II. Plaintiff's Unjust Enrichment Claims Should Be Dismissed

Plaintiff's Fifth Cause of Action for Unjust Enrichment also should be dismissed, because the Court lacks jurisdiction over unjust enrichment claims. The law is well-established in the United States Court of Appeals for the Federal Circuit and this Court that claims based upon unjust enrichment are beyond this Court's subject matter jurisdiction. E.g. Frank & Breslow, 43 Fed. Cl. at 68.

In Aetna Casualty and Surety Co. v. United States, 655 F.2d 1047 (Ct. Cl. 1981), the plaintiffs alleged that "the United States has implicitly contracted [with the construction contractor] to provide this low-cost housing." Id. at 1052. The Court of Claims rejected this theory as well as plaintiffs' further allegation that "jurisdiction is founded on a theory of unjust enrichment/equitable lien":

> The claim based on unjust enrichment/equitable lien is also beyond our jurisdiction. Those doctrines, however, are based not on agreement but are equitable in nature. Both proceed from a perception that a party ought to be bound rather than from a conclusion that a party has agreed to be bound. Plaintiffs' unjust enrichment/equitable lien theory of recovery is therefore based upon a contract implied in law, over which this court has not been given jurisdiction.

Id. at 1059-60 (citing Merritt v. United States, 267 U.S. 338, 341 (1925), and Court of Claims precedent). Accord Centex Corp. v. United States, 49 Fed. Cl. 691, 712 (2001) ("Plaintiffs'

unjust enrichment claim . . . to the extent it is independent of plaintiffs' breach of contract claim, is also outside the subject matter jurisdiction of this court . . . .") (citations omitted); Frank & Breslow, 43 Fed. Cl. at 68 ("Plaintiff's claim of unjust enrichment is also beyond our jurisdiction. Contracts implied-in-law do not fall under the Tucker Act.") (citations omitted).

Plaintiff's Fifth Cause of Action alleges that it is entitled to recovery for unjust enrichment. Specifically, plaintiff alleges that:

> USPS received the benefit of BIOFUNCTION's services and, under the circumstances of USPS's inducements to BIOFUNCTION, USPS should not equitably be allowed to retain the benefit of the additional services without paying BIOFUNCTION for the reasonable value of the services received.

Compl. at ¶37. An unjust enrichment claim relies upon an implied-in-law theory where the parties are not actually bound but the law infers that the parties ought to be bound. Aetna, 655 F.2d at 1059. Plaintiff is alleging an unjust enrichment claim because it does not claim that it is entitled to payment under a contract, rather it claims that the Government "should not equitably be allowed to retain the benefit of the additional service without paying BioFunction." Compl. at ¶37. In contrast, as plaintiff correctly points out, an implied-in-fact recovery requires that "the parties have manifested mutual intent to contract including an offer, an acceptance and consideration." Pl. Opp. at 4 (citing Pure Power!, Inc. v. United States, 70 Fed.Cl. 739, 742-743 (2006)).

In its opposition, BioFunction argues that its Fifth Cause of Action seeks equitable relief under an implied-in-fact contract theory. But, plaintiff has already plead an implied-in-fact theory in its Fourth Cause of Action. BioFunction does not explicitly deny that the Court

lacks jurisdiction over unjust enrichment claims, yet BioFunction attempts to distinguish a long line of cases that hold just that. Pl. Opp. at 8; Merritt, 267 U.S. at 341; Frank & Breslow, 43 Fed. Cl. at 68 ("Plaintiff's claim of unjust enrichment is also beyond our jurisdiction. Contracts implied-in-law do not fall under the Tucker Act.") (citations omitted).[1] While BioFunction is correct that plaintiff "must establish privity of contract in order to establish jurisdiction" in the Court of Federal Claims, Frank & Breslow, 43 Fed. Cl. at 67, as stated above, this is precisely why this Court lacks jurisdiction over unjust enrichment claims because unjust enrichment claims are not based upon privity of contract. As there is no privity of contract with respect to an implied-in-law claim, this Court lacks jurisdiction over Plaintiff's Fifth Cause of Action for unjust enrichment. Aetna Casualty, 655 F.2d 1047, 1059 (holding that unjust enrichment claims "are based not on agreement but are equitable in nature.")

Nonetheless, plaintiff appears to argue that the Fifth Cause of Action is not a cause of action at all, rather it is an allegation concerning the type of remedy to which BioFunction would be entitled to if BioFunction were to prevail on its Fourth Cause of Action. Pl. Opp. at 7. However, as stated above in Section I, plaintiff's Fourth Cause of Action of breach of an implied-in-fact contract should be dismissed because the existence of an implied-in-fact

---

[1] Plaintiff also attempts to distinguish several other cases because they did not include privity of contact, but the Government only cited these cases for the general proposition that the Court of Federal Claims has limited jurisdiction. The Government did not cite these cases for the specific proposition that this Court lacks jurisdiction over unjust enrichment claims. E.g., Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428, aff'd, 758 F.2d 665 (Fed. Cir. 1984) (Table); United States v. Testan, 424 U.S. 392, 399 (1976) (absent congressional consent to entertain a claim against the United States, the Court lacks authority to grant relief); United States v. Sherwood, 312 U.S. 584, 586 (1941).

contract is precluded by the existence of an express contract on the same subject. Atlas, 895 F.2d at 754-55. Even if the Fourth Cause of Action is not dismissed, the Fifth Cause of Action should still be dismissed because it either is based upon an implied-in-law unjust enrichment claim over which this Court lacks jurisdiction or, to the extent it is based upon an implied-in-fact contract claim, it is duplicative of plaintiff's Fourth Cause of Action.

III. Plaintiff Should Not Be Granted Leave To Amend

Finally, plaintiff argues that it should be allowed an opportunity to amend its complaint to cure any defects found by the Court. While RCFC 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires," any changes that plaintiff makes to its complaint will not cure the defects. As the Court explained in Saladino v. United States, 62 Fed. Cl. 782 (2004), "Notwithstanding the liberal standard in granting . . . motions [pursuant to RCFC 15(a)], leave to amend a complaint should not be granted when the amendment would be futile." 62 Fed. Cl. at 795 (citing, among others, Foman v. Davis, 371 U.S. 178, 182 (1962)). See also Slovacek v. United States, 40 Fed. Cl. 828, 834 (1998) (citing Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988)). Where, as here, amendment could not cure the jurisdictional defects in the complaint, amendment would be futile. Accordingly, plaintiff's request for leave to amend the complaint should be denied.

## CONCLUSION

For the above reasons, and as more fully stated in defendant's partial motion to dismiss, we respectfully request that the Court dismiss plaintiff's Fourth Cause of Action (Breach of Implied Contract) and plaintiff's Fifth Cause of Action (Unjust Enrichment) with

prejudice.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/ Robert C. Bigler
ROBERT C. BIGLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.,
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 307-0315
Fax: (202) 514-8624
Attorneys for Defendant

June 4, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of June 2007, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO PARTIAL MOTION TO DISMISS PLAINTIFF'S FOURTH AND FIFTH CAUSES OF ACTION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Robert C. Bigler