# In the United States Court of Federal Claims

* * * * * *

BIOFUNCTION, LLC, *

Plaintiff, * No. 07-67C

v. * Filed: December 20, 2007

UNITED STATES OF AMERICA, *

Defendant. *

* * * * * *

**ORDER**

The parties' filings somehow were misplaced in the system; we regret this delay. The Government's positions as set out in its response to the court's questions do not seem entirely consistent internally. If the issue is whether plaintiff's services were within the scope of the contract, defendant's position seems to be that they were not unrelated yet not within the contract's scope either. Plaintiff lists several individuals who attended the meeting from which these activities arose, yet the Government argues that plaintiff has not pointed to an authorized government agent. We cannot tell whether all of these individuals were unauthorized or whether defendant is merely stating that plaintiff has not disclosed which one of the parties at the meeting was authorized. In any event, the Government should have this information. The ITT case defendant cited states that an implied contract in these circumstances requires that plaintiff undertake additional duties not contemplated by the written contract. As we understand it, this is plaintiff's contention.

The important issues are partly factual. If plaintiff performed duties not contemplated by the contract but their benefits were accepted by the Government, defendant may have an obligation to pay for them. We do not have a copy of the contract or the modifications, and do not know whether the services can be considered without the scope of the original contract. The parties should develop the issue of authority and whether the services were accepted by the Government. A hearing on these issues, or stipulations of the facts necessary to rule on summary judgment, will assist the court. If plaintiff's counsel will be in this area at a particular time early next year, we would like to schedule a hearing then. Counsel may appear by telephone, however, if necessary.

s/Robert H. Hodges, Jr.
Robert H. Hodges, Jr.
Judge