IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BIOFUNCTION, LLC, | ) | |
| Plaintiff, | ) | No. 07-67C (Judge Hodges) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**AFFIDAVIT OF BARBARA J. MASSEY IN SUPPORT OF REQUEST FOR DEFAULT**

I, Barbara J. Massey, hereby swear and affirm,

1. I am an attorney at law, licensed to practice in the State of California, and serve as counsel for Plaintiff Biofunction LLC and I have personal knowledge of the facts set forth below.

2. The United States filed its notice of appearance in this case with this court on February 6, 2007. A true and correct copy of the notice of appearance is attached to this affidavit as Exhibit A.

3. On May 4, 2007, the United States filed a partial motion to dismiss the fourth and fifth causes of action. A true and correct copy of the Government's motion to dismiss the fourth and fifth causes of action of plaintiff's complaint is attached to this affidavit as Exhibit B.

4. After multiple briefings and a telephone hearing on the issues, this court issued an order on December 20, 2007 stating, in pertinent part:

> The important issues are partly factual. If plaintiff performed duties not comtemplated by the contract but their benefits were accepted by the Government, defendant may have an obligation to pay for them. We do not have a copy of the a contract or the modifications, and do not know whether the services can be

> considered without the scope of the original contract. The parties should develop the issue of authority and whether the services were accepted by the Government.

A true and correct copy of the court's order of December 20, 2007 is attached to this affidavit as Exhibit C.

5. On December 20, 2007, I communicated Biofunction's request that the Government answer its complaint to Mr. Robert Bigler via e-mail at his e-mail address, Robert.Bigler@usdoj.gov. A true and correct copy of my e-mail correspondence to him is attached hereto as Exhibit D.

6. A true and correct copy of Mr. Bigler's response refusing to provide an answer is attached hereto as Exhibit E.

7. On December 24, 2007, I communicated Biofunction's intent to take the Government's default to Mr. Robert Bigler via e-mail at his e-mail address, Robert.Bigler@usdoj.gov. A true and correct copy of my e-mail correspondence to him is attached hereto as Exhibit F.

8. On December 28, 2007, I received Mr. Bigler's response to my December 24, 2007 e-mail indicating his position that the Government's motion was not denied. A true and correct copy of Mr. Bigler's e-mail correspondence to me is attached hereto as Exhibit G.

9. The Government did not file its answer within ten (10) days after notice that this court denied its motion for partial dismissal.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was signed in Walnut Creek, California on January 9, 2007.

s/Barbara J. Massey
BARBARA J. MASSEY
Law Offices of David W. Ginn
1981 N. Broadway, Suite 275
Walnut Creek, CA 94596
Tel: (925)256-4466
Fax: (925)256-4423
Attorneys for Plaintiff, Biofunction LLC

CERTIFICATE OF SERVICE

I,BARBARA J. MASSEY, hereby certify that I am the attorney of record for Biofunction, LLC and that on January 9, 2008, I served a copy of the attached:

TITLE OF DOCUMENT

Service was made upon all counsel of record, including:

Robert Bigler, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Washington, D.C. 20530
Phone (202) 307-0315
Fax: (202) 514-8624
e-mail: Robert.Bigler@usdoj.gov

The method of service was by Electronic Court Filing in which the court in the usual course of business serves an electronic copy of the filed document upon all counsel of record. The parties may access this filing through the Court's system.

__________s/Barbara J. Massey_ _____

# EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BIOFUNCTION, LLC | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-67C |
| | ) | (Judge Robert H. Hodges) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant | ) | |

NOTICE OF APPEARANCE

To the Clerk:

Please enter the appearance of Robert C. Bigler, as attorney of record for the United States. Service of all papers by opposing parties should be addressed as follows:

Robert C. Bigler
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Washington, D.C. 20530
Phone: (202)307-0315
Fax: (202)514-8624
E-mail: Robert.Bigler@usdoj.gov

Attention: Classification Unit
1100 L Street, NW, 8th Floor

Dated: February 6, 2007

s/ Robert C. Bigler
Robert C. Bigler
Trial Attorney
Commercial Litigation Branch
Civil Division

CERTIFICATE OF FILING

I hereby certify that on this 6th day of February, 2007, a copy of the foregoing "NOTICE OF APPEARANCE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert C. Bigler

# EXHIBIT B

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BIOFUNCTION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-67C |
| | ) | (Judge Hodges) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S PARTIAL MOTION TO DISMISS
PLAINTIFF'S FOURTH AND FIFTH CAUSES OF ACTION

Pursuant to Rule 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss plaintiff's Fourth Cause of Action (Breach of Implied Contract), upon the ground that plaintiff BioFunction, LLC ("BioFunction" or plaintiff) fails to state a claim upon which relief can be granted and that the Court dismiss plaintiff's Fifth Cause of Action (Unjust Enrichment), upon the ground that BioFunction fails to allege a claim within this Court's limited jurisdiction.

QUESTIONS PRESENTED

Whether the Fourth Cause of Action states an implied contract claim upon which relief can be granted. Whether this Court possesses jurisdiction to entertain the claim for unjust enrichment alleged in the Fifth Cause of Action.

STATEMENT OF FACTS[1]

Plaintiff BioFunction, LLC filed its complaint in this Court on January 29, 2007. Complaint. In its complaint, BioFunction alleges five causes of action, including plaintiff's

---

[1] For the purposes of this brief only, the factual allegations contained in plaintiff's complaint will be treated as true.

Fourth Cause of Action (Breach of Implied Contract) and Fifth Cause of Action (Unjust Enrichment). Id.

In its complaint, BioFunction alleges that on May 16, 2004, BioFunction entered into a written contract with the United States Postal Service ("USPS") identified as contract "1 BCHSO-03-F-5453." Complaint, ¶ 3. BioFunction further alleges that, under the terms of the alleged contract, BioFunction:

> agreed to provide certain services related to the evaluation of disabled workers and providing them with job offers tailored to accommodate each worker's disability. This work specifically included the use of the ErgoMatch or Ergo Wizard system that evaluated the extent of disabilities and, based on ergonomic analysis, pinpointed jobs, tasks and modifications for accommodating the disability of the employee.

Complaint, ¶ 3(a). BioFunction further alleges that this contract was modified on three occasions on January 16, 2004, July 2004 and February 8, 2005. Complaint, ¶¶ 3(c)-(e).

BioFunction continues by alleging that on or about October 4, 2004, USPS entered into an implied contract with USPS. Complaint, ¶¶ 24-30. In that alleged agreement, BioFunction "agreed to provide additional services support to USPS's plan to utilize the Contract hits; BIOFUNCTION agreed to provide training and additional support to assist the USPS to offer suitable jobs to employees for whom the Ergo Wizard system identified to be capable of the work." Complaint, ¶ 26. BioFunction further alleges that in return, USPS agreed that it would: (a) "properly distribute the job offers made to its disabled employees;" (b) "contest and take appropriate administrative action if its job offers were rejected by its disabled employees;" (c) "USPS would . . . assist BIOFUNCTION to verify and justify the accuracy and effectiveness of its Ergo Wizard system . . . "; and (d) "USPS would provide

BIOFUNCTION with a formal operational endorsement . . . for consideration of potential future expansion of its program . . ." Complaint, ¶ 27.

Similarly, in its Fifth Cause of Action for Unjust Enrichment, BioFunction alleges that BioFunction allegedly "agreed to provide additional services support to USPS's plan to utilize the Contract hits; BIOFUNCTION agreed to provide training and additional support to assist the USPS to offer suitable jobs to employees for whom the Ergo Wizard system identified to be capable of the work." Complaint, ¶ 32. BioFunction alleges that, in return, USPS agreed that it would: (a) "properly distribute the job offers made to its disabled employees;" (b) "contest and take appropriate administrative action if its job offers were rejected by its disabled employees;" (c) "USPS would . . . assist BIOFUNCTION to verify and justify the accuracy and effectiveness of its Ergo Wizard system . . . "; and (d) "USPS would provide BIOFUNCTION with a formal operational endorsement . . . for consideration of potential future expansion of its program . . ." Complaint, ¶ 33. Plaintiff further alleges that "USPS received the benefit of BIOFUNCTION's services and . . . should not equitably be allowed to retain the benefit of the additional services without paying BIOFUNCTION . . . ." Complaint, ¶ 37.

ARGUMENT

Plaintiff's Fourth Cause of Action (Breach of Implied Contract) should be dismissed for failure to state a claim upon which relief can be granted. Plaintiff's Fifth Cause of Action (Unjust Enrichment), should be dismissed because the Court lacks jurisdiction over unjust enrichment claims.

I. Standard Of Review

A motion to dismiss should be granted when, accepting the complaint's allegations as true and drawing all inferences in favor of the plaintiff, it is evident that plaintiff is legally entitled to no relief. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Hamlet v. United States, 873 F.2d 1414, 1416 (Fed. Cir. 1989); Farmers Grain Co. v. United States, 29 Fed. Cl. 684, 686 (1993). When the absence of a viable claim appears on the face of the complaint and is obviously not curable, summary dismissal conserves both the Court's and the litigants' resources. Brown v. Strickler, 422 F.2d 1000, 1002 (6th Cir. 1970) (quoting Harmon v. Superior Court, 307 F.2d 796, 797 (9th Cir. 1962)).

II. Plaintiff's Claim Of Breach Of An Implied Contract Should Be Dismissed

Plaintiff's Fourth Cause of Action for breach of an implied contract should be dismissed because plaintiff fails to state a claim upon which relief can be granted. Specifically, BioFunction has alleged the existence of an express contract in its breach of contract claim (Complaint, ¶ 3(a)); and purports to base an implied contract claim upon the same contractual obligations addressed in the express contract. However, "[t]he existence of an express contract precludes the existence of an implied contract dealing with the same subject, unless the implied contract is entirely unrelated to the express contract." Atlas Corp. v. United States, 895 F.2d 745, 754-55 (Fed. Cir. 1990) (citing ITT Federal Support Services, Inc. v. United States, 531 F.2d 522, 528 n. 12 (Ct. Cl. 1976)). See also Schism v. United States, 316 F.3d 1259, 1278 (Fed. Cir. 2002), cert. denied, 539 U.S. 910 (2003).

Here, BioFunction alleges that, under the terms of an express contract, BioFunction

"agreed to provide certain services related to the evaluation of disabled workers . . . This work specifically included the use of the ErgoMatch or Ergo Wizard system that evaluated the extent of disabilities and, based on ergonomic analysis, pinpointed jobs . . . ." Complaint, ¶ 3(a) (emphasis added). Similarly, under its claim of breach of an implied contract, BioFunction alleges that it "agreed to provide training and additional support to assist the USPS to offer suitable jobs to employees for whom the Ergo Wizard system identified to be capable of the work." Complaint, ¶ 26 (emphasis added). BioFunction's implied contract claim is clearly not "entirely unrelated" to the express contract alleged in BioFunction's breach of contract claim. As a result, BioFunction's claim for breach of an implied contract should be dismissed for failure to state a claim upon which relief can be granted.

III. Plaintiff's Unjust Enrichment Claims Should Be Dismissed

Plaintiff's Fifth Cause of Action for Unjust Enrichment should be dismissed because the Court lacks jurisdiction over unjust enrichment claims. This Court, like its predecessors, the United States Claims Court and the United States Court of Claims, is a court of limited jurisdiction. E.g., Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428, aff'd, 758 F.2d 665 (Fed. Cir. 1984) (Table). Absent congressional consent to entertain a claim against the United States, the Court lacks authority to grant relief. E.g., United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941).

The law is well-established in the United States Court of Appeals for the Federal Circuit and this Court that claims based upon unjust enrichment are beyond this Court's subject matter jurisdiction. In Aetna Casualty and Surety Co. v. United States, 655 F.2d 1047 (Ct. Cl. 1981), for example, a construction contractor and its surety sought to recover costs

incurred in building a housing project. The contract in that case was not with the United States, but financing for the project was insured by the Government, and the plaintiffs alleged that "the United States has implicitly contracted [with the construction contractor] to provide this low-cost housing." Id. at 1052. The Court of Claims rejected this theory as well as plaintiffs' further allegation that "jurisdiction is founded on a theory of unjust enrichment/equitable lien,":

> The claim based on unjust enrichment/equitable lien is also beyond our jurisdiction. Those doctrines, however, are based not on agreement but are equitable in nature. Both proceed from a perception that a party ought to be bound rather than from a conclusion that a party has agreed to be bound. Plaintiffs' unjust enrichment/equitable lien theory of recovery is therefore based upon a contract implied in law, over which this court has not been given jurisdiction.

Id. at 1059-60 (citing Merritt v. United States, 267 U.S. 338, 341 (1925), and Court of Claims precedent). Accord Centex Corp. v. United States, 49 Fed. Cl. 691, 712 (2001) ("Plaintiffs' unjust enrichment claim . . . to the extent it is independent of plaintiffs' breach of contract claim, is also outside the subject matter jurisdiction of this court . . . .") (citations omitted); Frank & Breslow, LLP v. United States, 43 Fed. Cl. 65, 68 (1999) ("Plaintiff's claim of unjust enrichment is also beyond our jurisdiction. Contracts implied-in-law do not fall under the Tucker Act.") (citations omitted).

Here, plaintiff alleges, in its Fifth Cause of Action for unjust enrichment, that "USPS received the benefit of BIOFUNCTION's services and . . . should not equitably be allowed to retain the benefit of the additional services without paying BIOFUNCTION . . . ." Complaint, ¶ 37 (emphasis added). As this Court does not possess jurisdiction over unjust enrichment claims, the Court should dismiss plaintiff's Fifth Cause of Action.

## CONCLUSION

As plaintiff's Fourth Cause of Action (Breach of Implied Contract) fails to state a claim upon which relief can be granted and because plaintiff's Fifth Cause of Action (Unjust Enrichment) is beyond this Court's limited jurisdiction, Defendant respectfully requests that the Fourth and Fifth Causes of Action of plaintiff's complaint be dismissed with prejudice.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/ Robert C. Bigler
ROBERT C. BIGLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.,
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 307-0315
Fax: (202) 514-8624
Attorneys for Defendant

May 4, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of May 2007, a copy of the foregoing "DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S FOURTH AND FIFTH CAUSES OF ACTION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Robert C. Bigler

# EXHIBIT C

# In the United States Court of Federal Claims

* * * * * *

BIOFUNCTION, LLC, *

Plaintiff, * No. 07-67C

v. * Filed: December 20, 2007

UNITED STATES OF AMERICA, *

Defendant. *

* * * * * *

**ORDER**

The parties' filings somehow were misplaced in the system; we regret this delay. The Government's positions as set out in its response to the court's questions do not seem entirely consistent internally. If the issue is whether plaintiff's services were within the scope of the contract, defendant's position seems to be that they were not unrelated yet not within the contract's scope either. Plaintiff lists several individuals who attended the meeting from which these activities arose, yet the Government argues that plaintiff has not pointed to an authorized government agent. We cannot tell whether all of these individuals were unauthorized or whether defendant is merely stating that plaintiff has not disclosed which one of the parties at the meeting was authorized. In any event, the Government should have this information. The ITT case defendant cited states that an implied contract in these circumstances requires that plaintiff undertake additional duties not contemplated by the written contract. As we understand it, this is plaintiff's contention.

The important issues are partly factual. If plaintiff performed duties not contemplated by the contract but their benefits were accepted by the Government, defendant may have an obligation to pay for them. We do not have a copy of the contract or the modifications, and do not know whether the services can be considered without the scope of the original contract. The parties should develop the issue of authority and whether the services were accepted by the Government. A hearing on these issues, or stipulations of the facts necessary to rule on summary judgment, will assist the court. If plaintiff's counsel will be in this area at a particular time early next year, we would like to schedule a hearing then. Counsel may appear by telephone, however, if necessary.

s/Robert H. Hodges, Jr.
Robert H. Hodges, Jr.
Judge

# EXHIBIT D

**Barbara Massey**

**From:** Barbara Massey
**Sent:** Thursday, December 20, 2007 11:33 AM
**To:** 'robert.bigler@usdoj.gov'
**Subject:** Biofunction v. US

Dear Mr. Bigler,
In view of the court's order today, we are expecting the US to file its answer to the Biofunction complaint within the next 10 days pursuant to FRCP Rule 12(a)(2)(A).
**Barbara J. Massey**

Law Offices of David W. Ginn
1981 N. Broadway, Suite 275
Walnut Creek, CA 94596-3886
(925) 256-4466 Telephone
(925) 256-4423 F ax
bmassey@ginnlaw.com

No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.5.516 / Virus Database: 269.17.5/1191 - Release Date: 12/20/2007 2:14 PM

# EXHIBIT E

**Barbara Massey**

**From:** Bigler, Robert (CIV) [Robert.Bigler@usdoj.gov]
**Sent:** Thursday, December 20, 2007 2:16 PM
**To:** Barbara Massey
**Subject:** RE: Biofunction v. US

Ms. Massey,

The rules give us 10 days to answer once the court denies or partially denies our motion. The court has not even ruled on our motion and, as a result, we will not file an answer to the complaint until the Court either denies or partially denies our motion. The Court's order of today simply raises some issues and states that "A hearing on these issues, or stipulations of the facts necessary to rule on summary judgment, will assist the court. If plaintiff's counsel will be in this area at a particular time early next year, we would like to schedule a hearing then. Counsel may appear by telephone, however, if necessary." In other words, the Court simply deferred ruling on our motion until after the Court has an opportunity to discuss the matter with the parties.

Sincerely,
Bob Bigler

---

**From:** Barbara Massey [mailto:BMassey@ginnlaw.com]
**Sent:** Thursday, December 20, 2007 2:33 PM
**To:** Bigler, Robert (CIV)
**Subject:** Biofunction v. US

Dear Mr. Bigler,
In view of the court's order today, we are expecting the US to file its answer to the Biofunction complaint within the next 10 days pursuant to FRCP Rule 12(a)(2)(A).
**Barbara J. Massey**

Law Offices of David W. Ginn
1981 N. Broadway, Suite 275
Walnut Creek, CA 94596-3886
(925) 256-4466 Telephone
(925) 256-4423 F ax
**bmassey@ginnlaw.com**

No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.5.516 / Virus Database: 269.17.5/1191 - Release Date: 12/20/2007 2:14 PM

No virus found in this incoming message.
Checked by AVG Free Edition.
Version: 7.5.516 / Virus Database: 269.17.5/1191 - Release Date: 12/20/2007 2:14 PM

# EXHIBIT F

**Barbara Massey**

**From:** Barbara Massey
**Sent:** Monday, December 24, 2007 3:51 PM
**To:** 'robert.bigler@usdoj.gov'
**Cc:** David
**Subject:** Biofunction v. US

Dear Mr. Bigler,

In the Court's order of December 20, 2007, the government's demurrer was overruled because the legal claims made by Biofunction are legally sufficient to state a claim against the government. As the Court puts it, "The important issues are partly factual". The Court determined that the issues raised by the government rely on a factual determination. Such a factual determination is beyond the scope of a demurrer. It is, therefore, time for an answer to be filed by the government.

To our understanding, no motion for summary judgment has been brought in this action. Moreover, consideration of a summary judgment motion before an answer has been filed, without proper notice, and without any opportunity for discovery would be a violation of Biofunction's right to due process in the determination of its claims. Because there has been no answer on the part of the government and because the government has not submitted to any discovery request, Biofunction is not inclined to stipulate to facts for the ostensible purpose of making a ruling on a, yet unfiled, summary judgment.

We expect an answer to the Biofunction complaint by December 30, 2007 in accordance with the provisions of RCFC, Rule 12 (a)(2)(A). If no answer is filed by the government, the government's default will be sought pursuant to RCFC, Rule 55. If you need a brief extension of time to file the government's answer, please do not hesitate to contact me.

**Barbara J. Massey**

Law Offices of David W. Ginn
1981 N. Broadway, Suite 275
Walnut Creek, CA 94596-3886
(925) 256-4466 Telephone
(925) 256-4423 F ax
bmassey@ginnlaw.com

No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.5.516 / Virus Database: 269.17.8/1195 - Release Date: 12/24/2007 11:19 AM

# EXHIBIT G

**Barbara Massey**

**From:** Bigler, Robert (CIV) [Robert.Bigler@usdoj.gov]
**Sent:** Friday, December 28, 2007 2:55 PM
**To:** Barbara Massey
**Subject:** RE: Biofunction v. US

Ms. Massey,

The order makes clear that Judge Hodges wants to discuss the matter before deciding our motion. As I stated in my previous email, our answer is not due until our motion is denied or partially denied. At most, it appears that Judge Hodges is considering converting our motion to a Rule 56 motion for summary judgment pursuant to Rule 12(b). According to the order, Judge Hodges wants to discuss this matter prior to deciding whether to convert our motion. As a result, you should contact the Court to set up a status conference. As I will be on paternity leave during the month of January and possibly early February. Please do not schedule the status conference until after February 7, 2008.

Bob Bigler

---

**From:** Barbara Massey [mailto:BMassey@ginnlaw.com]
**Sent:** Monday, December 24, 2007 6:51 PM
**To:** Bigler, Robert (CIV)
**Cc:** David
**Subject:** Biofunction v. US

Dear Mr. Bigler,

In the Court's order of December 20, 2007, the government's demurrer was overruled because the legal claims made by Biofunction are legally sufficient to state a claim against the government. As the Court puts it, "The important issues are partly factual". The Court determined that the issues raised by the government rely on a factual determination. Such a factual determination is beyond the scope of a demurrer. It is, therefore, time for an answer to be filed by the government.

To our understanding, no motion for summary judgment has been brought in this action. Moreover, consideration of a summary judgment motion before an answer has been filed, without proper notice, and without any opportunity for discovery would be a violation of Biofunction's right to due process in the determination of its claims. Because there has been no answer on the part of the government and because the government has not submitted to any discovery request, Biofunction is not inclined to stipulate to facts for the ostensible purpose of making a ruling on a, yet unfiled, summary judgment.

We expect an answer to the Biofunction complaint by December 30, 2007 in accordance with the provisions of RCFC, Rule 12 (a)(2)(A). If no answer is filed by the government, the government's default will be sought pursuant to RCFC, Rule 55. If you need a brief extension of time to file the government's answer, please do not hesitate to contact me.

**Barbara J. Massey**

Law Offices of David W. Ginn
1981 N. Broadway, Suite 275
Walnut Creek, CA 94596-3886
(925) 256-4466 Telephone
(925) 256-4423 F ax
**bmassey@ginnlaw.com**

No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.5.516 / Virus Database: 269.17.8/1195 - Release Date: 12/24/2007 11:19 AM

No virus found in this incoming message.
Checked by AVG Free Edition.
Version: 7.5.516 / Virus Database: 269.17.13/1205 - Release Date: 12/31/2007 3:32 PM