**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **BIOFUNCTION, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 07-67C** |
| | ) | **(Judge Hodges)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S ANSWER**

As its answer to the complaint, defendant admits, denies, and avers as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

2. The allegations contained in paragraph 2 constitute plaintiff's characterization of the complaint, to which no response is required, or they constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

3. Denies the allegation that defendant entered into a contract with plaintiff on May 16, 2003; avers that said contract was entered into on May 19, 2003. Admits the allegation contained in paragraph 3 that said contract was identified as 1BCHSO-03-F-5453 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise this allegation is denied. Admits the remaining allegations contained in paragraph 3.

3.a Admits the allegations contained in paragraph 3.a to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 3.a are denied.

3.b Admits the allegations contained in the first sentence of paragraph 3.b to the extent supported by the document referenced, which is the best evidence of its contents;

otherwise the allegations contained in the first sentence of paragraph 3.b are denied. The allegations contained in the second sentence of paragraph 3.b constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

3.c Admits the allegations contained in the first sentence of paragraph 3.c. Admits the remaining allegations contained in paragraph 3.c to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 3.c are denied.

3.d Admits the allegation contained in the paragraph 3.d that the contract was modified in July 2004. Admits the remaining allegations contained in paragraph 3.d to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the remaining allegations contained in paragraph 3.d are denied.

3.e Admits the allegation contained in the paragraph 3.e that the contract was modified on February 8, 2005. Admits the remaining allegations contained in paragraph 3.e to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the remaining allegations contained in paragraph 3.e are denied.

4. The allegations contained in paragraph 4 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

5. Admits the allegation contained in the paragraph 5 that on or about February 14, 2005, the Postal Service terminated the contract. Admits the remaining allegations contained in paragraph 5 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the remaining allegations contained in paragraph 5 are denied.

6. Admits that plaintiff has submitted to the Postal Service multiple claims for compensation. Otherwise, the allegations contained in paragraph 6 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

7. Admits.

8. The allegations contained in the first sentence of paragraph 8 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 8.

9. Denies the allegation contained in paragraph 9 that plaintiff "has sustained costs and expenses in performing the contract which have not been paid" for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. The remaining allegations contained in paragraph 9 constitute plaintiff's prayer for relief. Defendant denies that plaintiff is entitled to the relief set forth in paragraph 9 of the complaint, or to any relief whatsoever.

10. Defendant incorporates by reference its responses to paragraphs 1 through 9 of the complaint.

11. The allegations contained in paragraph 11 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

12. The allegations contained in paragraph 12 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

13. Denies the allegation contained in the first sentence of paragraph 13. Admits the

allegations contained in paragraphs 13.a and 13.b. Denies the allegations contained in paragraph 13.c.

14. Denies.

15. The allegations contained in paragraph 15 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

16. The allegations contained in the first sentence of paragraph 16, subparagraph 16.a, subparagraph 16.b., and subparagraph 16.c constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. The remaining allegations contained in paragraph 16 constitute plaintiff's prayer for relief. Defendant denies that plaintiff is entitled to the relief set forth in paragraph 16 of the complaint, or to any relief whatsoever.

17. Defendant incorporates by reference its responses to paragraphs 1 through 16 of the complaint.

18. The allegations contained in paragraph 18 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

19. The allegations contained in paragraph 19 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

20. Denies.

21. Denies.

22. The allegations contained in paragraph 22 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

23. The allegations contained in the first sentence of paragraph 23, subparagraph

23.a, subparagraph 23.b., and subparagraph 23.c constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. The remaining allegations contained in paragraph 23 constitute plaintiff's prayer for relief. Defendant denies that plaintiff is entitled to the relief set forth in paragraph 23 of the complaint, or to any relief whatsoever.

24. Defendant incorporates by reference its responses to paragraphs 1 through 23 of the complaint.

25. The allegations contained in paragraph 25 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

26. The allegations contained in paragraph 26 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

28. Denies the allegations contained in paragraph 28 regarding plaintiff's information and belief for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted; the remaining allegations contained in paragraph 28 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

29. The allegations contained in the first sentence of paragraph 29 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the remaining allegations contained in paragraph 29.

30. The allegations contained in the first sentence of paragraph 30, subparagraph

30.a, subparagraph 30.b, and subparagraph 30.c constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. The remaining allegations contained in paragraph 30 constitute plaintiff's prayer for relief. Defendant denies that plaintiff is entitled to the relief set forth in paragraph 30 of the complaint, or to any relief whatsoever.

31. Defendant incorporates by reference its responses to paragraphs 1 through 30 of the complaint.

32. The allegations contained in paragraph 32 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

33. The allegations contained in paragraph 33 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

34. Denies the allegations contained in paragraph 34 regarding plaintiff's information and belief for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted; the remaining allegations contained in paragraph 34 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

35. The allegations contained in paragraph 35 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

36. The allegations contained in paragraph 36 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

37. Admits the allegations contained in paragraph 37 that the Postal Service received the benefit of certain services from plaintiff; the remaining allegations contained in paragraph 37

constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

38. Denies.

39. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 39 of the complaint, or to any relief whatsoever.

40. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that plaintiff's complaint be dismissed, and grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/ Robert C. Bigler
ROBERT C. BIGLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.,
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 307-0315
Fax: (202) 514-8624
Attorneys for Defendant

February 25, 2008

CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of February 2008, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Robert C. Bigler