# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BIOFUNCTION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-0067C |
| | ) | (Judge Hodges) |
| v. | ) | |
| | ) | |
| THE UNITED STATES | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JOINT PRELIMINARY STATUS REPORT

Pursuant to RCFC 16 and Appendix A, 4, the parties submit the following Joint Preliminary Status Report:

**Joint Preliminary Status:**

**(a) Jurisdiction.** The parties disagree over the Court's jurisdiction. The Biofunction contends that the Court has jurisdiction over all matters pled, particularly in light of the Court's denial of the Government's motion to dismiss. The Government contends that this Court has no jurisdiction over Biofunction's claim for unjust enrichment, as confirmed by the Court's order of February 19, 2008, in which the Court stated that it does "not have jurisdiction over Biofunction's unjust enrichment claims in most circumstances . . . ." Biofunction contends that the Government has misquoted the Court's order.

**(b) Consolidation.** No consolidation of this case is anticipated.

**(c) Bifurcation.** No bifurcation of the issues of liability and damages is anticipated.

**(d) Deferral.** No stay or deferral of the action is requested.

**(e) Remand.** No remand of the case is anticipated.

**(f)** **Additional Parties**. No additional parties are anticipated at this time.

**(g)** **Dispositive Motions.** Defendant will likely file a motion to dismiss Biofunction's complaint because even if there otherwise may have been an implied contract between the Government and Biofunction, the Government employee who attempted to enter into the implied contract with Biofunction did not have contracting authority. Defendant has not yet determined whether it will file any other dispositive motions. Plaintiff does not now anticipate filing a dispositive motion pursuant to RCFC 12(b), pursuant to RCFC 12(b), 12(c), or 56.

**(h)** **Relevant factual/legal issues:**

**<u>Biofunction</u> identifies the following relevant factual and legal issues:**

Biofunction and Defendant entered a contract wherein Biofunction agreed to provide certain job "hits" through its ErgoWizard computer job matching program. Defendant also required additional services from Biofunction in order that the benefits job matching program could be realized by the Government.

The Government requested services to implement the job matches provided. These services included drafting job offers, interviewing a panel of medical examiners for right to work examinations, scheduling examinations, and "pushback," responding to worker challenges to the job offers made. Biofunction contends that these services were required by the Government as an adjunct to the job matching services provided under its contract.

Biofunction provided these services for consideration promised by the Government, the Government's assurance that it would make the job offers and

would take action to "pushback" if employees declined the job offers. Government officials empowered to make such commitments, agreed to provide a specific number of job offers and to follow the job offers to conclusion. This exchange was agreed to by Government officials with contracting authority and/or it was ratified by Government officials with contracting authority.

The Government terminated its contract with Biofunction "for convenience" in February 2005, before the job offer pushback stage had been completed. Biofunction now seeks payment for its costs incurred because of the termination.[1]

Biofunction seeks to recover $368,408.40 for the cost of the services demanded by the USPS in connection with Biofunction's performance of the contract for USPS. The termination clause provides the basis for Biofunction's claim.

Biofunction's position regarding the outstanding issue of the implied contract is that the services provided under the express contract were significantly different from the services requested by USPS from Biofunction. USPS understood that the claimed services were different from those provided under the express contract and knew that the claimed services were provided in exchange

---

[1] The relevant contract provision states:

I. Termination for the Postal Service's Convenience. The Postal Service reserves the right to terminate this contract, or any part hereof, for its sole convenience. In the event of such termination, the supplier must immediately stop all work and must immediately cause any and all of its suppliers and subcontractors to cease work. Subject to the terms of this contract, the supplier will be paid a percentage of the work performed prior to the notice of termination, plus reasonable charges the supplier can demonstrate to the satisfaction for the Postal Service using its standard record keeping system have resulted from the termination. The supplier will not be required to comply with the cost accounting standards and principles for this purpose. This paragraph does not give the Postal Service any right to audit the supplier's records. The supplier will not be paid for any work performed or costs incurred which reasonably could have been avoided.

for certain consideration promised to Biofunction by USPS officials authorized to make such a commitment on behalf of the USPS.

**Defendant identifies the following relevant factual and legal issues:**

Defendant contends that Biofunction's claim includes services not covered by the express contract or its modifications. Defendant believes that even if a Government employee requested these additional services, that employee did not have contracting authority and any agreement was not ratified by anyone with contracting authority, and, as a result, Biofunction is not entitled to collect on its implied contract claims.

USPS paid Biofunction for the original contract amount of $340,800 and for the first extension of $249,900. A second extension for $90,000 of additional work was entered into, but USPS has not paid any of this amount because the contract was terminated six days after the parties entered into the second extension. As a result, defendant contends that the damages claimed by Biofunction were incurred prior to the final amendment adding the second extension to the contract and are, therefore, not recoverable under the express contract. Defendant also contends that the amounts sought by Biofunction are not a result of Defendant's termination for convenience.

**(i)** **Settlement.** Alternative dispute resolution has not been discussed between the parties. Biofunction is willing to submit the matter to mediation. Defendant is not interested in mediation at this time.

**(j)** **Trial.** The parties anticipate the case proceeding to trial if not resolved through dispositive motions, or settled through mediation or some other form of alternative dispute resolution.

**(k)** **Electronic Case Management.** The parties are not presently aware of special issues regarding electronic case management.

**(l)** **Other information.** None anticipated at this time.

**5.** **Discovery.** The initial disclosure of discovery will be made within 14 days of filing this joint preliminary status report. Written discovery has been propounded between the parties. The parties anticipate that discovery will be completed by September 2008.

Date: April 17, 2008

s/ Barbara J. Massey

Barbara J. Massey
David W. Ginn
Law Offices of David W. Ginn
1981 N. Broadway, Suite 275
Walnut Creek, CA 94596
(925) 256-4466 (telephone)
(925) 256-4423 (fax)

Attorneys for Plaintiff,
Biofunction ,LLC

Date: April 17, 2008

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Steven Gillingham
STEVEN GILLINGHAM
Assistant Director

s/ Robert C. Bigler
ROBERT C. BIGLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L. Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 307-0315 (telephone)
(202) 514-8624

Attorneys for Defendant,
THE UNITED STATES

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April 2008, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Robert C. Bigler